[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10310
Non-Argument Calendar
_____

D. C. Docket No. 06-02534-CV-TWT-1

ELIZABETH KANG,

Petitioner-Appellant,

versus

NORO-MOSELEY PARTNERS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 4, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Elizabeth Kang appeals the district court's grant of Noro-Moseley Partners's

motion to quash subpoena. Kang sought discovery from Noro-Moseley Partners to use in a civil proceeding in Germany pursuant to 28 U.S.C. § 1782. We review the district court's decision for an abuse of discretion. *In re Clerici,* 481 F.3d 1324, 1331 (11th Cir. 2007). Our review is extremely deferential and identical to the standard for reviewing ordinary discovery rulings by the district court. *Id.* However to the extent that the district court's decision is based on an interpretation of law our review is *de novo*. *Id.*

Section 1782 "authorizes, but does not require, a federal district court to provide assistance to a complainant . . ." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255, 124 S. Ct. 2466, 2478, 159 L. Ed. 2d. 355 (2004). Under § 1782(a), the district court can grant an application for judicial assistance when the following statutory requirements are met: (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a). Once these prima facie requirements are satisfied, the following factors must be considered by the

2

district court in exercising its discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65, 124 S. Ct. at 2483.

Here the district court correctly found that a prima facie case had been met. It then considered the four *Intel* factors finding that the first factor weighed in favor of denying the motion to quash. However, the court found that this factor was outweighed by the irrelevance of the requested discovery to the nature of the foreign proceedings. A district court can deny discovery where the information sought is irrelevant to the causes of action. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Given that the district court properly considered the *Intel* factors in deciding whether to exercise its discretion and has not abused his discretion in determining relevance, we can find no reversible error.

**AFFIRMED.**

3